IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARK MURPHY and          )
THE MURPHY LAW FIRM, P.A.,    )
                          )
         Appellants,      )
                          )
    v.                    )          Case No. 08-2010-JWL
                          )
CHRISTOPHER J. REDMOND,   )          (Bankr. Case No. 04-20332-7)
as Trustee of the Bankruptcy Estate of )   (Adversary Case No. 05-06215)
Ashraf Fouad Hassan and Irina Hassan, )
and                       )
KANSAS EXPRESS            )
INTERNATIONAL, INC.,      )
                          )
         Appellees.       )
                          )
                          )

## MEMORANDUM AND ORDER DISMISSING APPEAL

In this case, Mark Murphy and The Murphy Law Firm, P.A. ("appellants"),

defendants in an adversary proceeding in the United States Bankruptcy Court for the

District of Kansas, appeal to this Court, pursuant to 28 U.S.C. § 158(a), from the

bankruptcy court's Opinion Granting in Part Plaintiff-Trustee's Motion for Partial

Summary Judgment, dated December 17, 2007.  By that opinion, the bankruptcy court

granted partial summary judgment in favor of the Trustee and ruled that a portion of

certain funds were property of the bankruptcy estate; but denied summary judgment with

respect to the status of the remainder of those funds, leaving that issue for trial.  The

Trustee, appellee in this Court, moves to dismiss the appeal for lack of jurisdiction, on

the ground that the bankruptcy court's opinion did not represent a "final order" as

required for an appeal to this Court without leave (Doc. # 3).  The Court grants the motion.

Under 28 U.S.C. § 158(a), a district court has jurisdiction to hear appeals from "final judgments, orders, and decrees" of bankruptcy judges, and has jurisdiction to hear appeals from interlocutory orders and decrees with leave of court.  *Id.*  In *Adelman v. Fourth National Bank and Trust Company, N.A., of Tulsa, Okla. (In re Durability, Inc.)*, 893 F.2d 264 (10th Cir. 1990), the Tenth Circuit discussed the definition of "final order" under section 158 as follows:

> Generally, an order is final if it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.  Under Bankr. R. 7054(a), which incorporates the established approach to civil judgment finality reflected in Fed. R. Civ. P. 54(a)-(c), an order that adjudicates fewer than all asserted claims or the rights and liabilities of fewer than all the parties does not terminate the action as to any of the claims or parties. The courts have recognized, however, that the appropriate "judicial unit" for application of these finality requirements in bankruptcy is not the overall case, but rather the particular adversary proceeding or discrete controversy pursued within the broader framework cast by the petition. Thus, our jurisdictional inquiry here focuses on the dispositional status of the matters comprising the trustee's adversary complaint.

*Id.* at 265-66 (citations omitted).  The court then ruled that the bankruptcy court order in that case was not a final order because it "did not resolve all of the matters pursued by the trustee or otherwise terminate this adversary proceeding on the merits."  *Id.* at 266.

Similarly, in the present case, the bankruptcy court's order did not resolve all of the claims brought by the trustee or terminate the adversary proceeding on the merits;

rather, the bankruptcy court merely awarded the trustee summary judgment on particular issues.  Accordingly, the bankruptcy court's ruling was not a final order for purposes of section 158(a).

Appellants rely on the following language in *United Phosphorus Ltd. v. Fox (In re Fox)*, 241 B.R. 224 (B.A.P. 10th Cir. 1999):

> Because bankruptcy reorganizations or liquidation cases usually encompass a variety of assorted disputes, courts reviewing bankruptcy orders have applied the finality doctrine more pragmatically.  Although traditional finality guidelines do not always apply to bankruptcy court proceedings, bankruptcy court orders will not be appealable as final orders unless the order conclusively determines "discrete disputes" within the larger case.

*Id.* at 228 (citations omitted).  Appellants argue that the bankruptcy court's opinion should be deemed final under this "pragmatic" approach because it conclusively resolved discrete issues.

The Court does not agree, however, that this language allows an order resolving a discrete issue *in an adversary proceeding* to be considered a final order under section 158(a); rather, the standard applied in *Fox*—which did not involve an adversary proceeding—recognizes as final an order that resolves a "discrete dispute" within the "larger" bankruptcy case.  In *Durability, Inc.*, as quoted above, the Tenth Circuit held that relevant "judicial unit" for purposes of finality under section 158 is "the particular adversary proceeding *or* discrete controversy pursued within the broader framework cast by the [bankruptcy] petition." *Durability, Inc.*, 893 F.2d at 266 (emphasis added).  In that case the Tenth Circuit effectively rejected appellants' position here by basing its finality

3

determination on whether all of the matters in the adversary proceeding had been resolved. *See id.* This Court is bound to follow that precedent.

Moreover, the *Fox* court, after setting forth the language on which appellants rely, cited *Durability, Inc.* and another Tenth Circuit case for the rule that the appropriate "judicial unit" for this finality determination is "the particular adversary proceeding *or* discrete controversy pursued within the broader framework cast by the petition." *See Fox*, 241 B.R. at 228-29 (quoting *Cascade Energy & Metals Corp. v. Banks (In re Cascade Energy & Metals Corp.)*, 956 F.2d 935, 938-39 (10th Cir. 1992) (quoting in turn *Durability, Inc.*, 893 F.2d at 266) (emphasis added). The remainder of the analysis from *Fox* further supports the Trustee's position that the "discrete dispute" standard applies to the larger bankruptcy case and not to an adversary proceeding within that case:

> Yet not every bankruptcy order that determines a specific dispute within a broader bankruptcy proceeding will be appealable. Ultimately, the pivotal question concerning finality will center on what kind of dispute the order resolves.
>
> . . .
>
> Bankruptcy orders that have been found to be final and appealable include orders that decisively resolve disputes regarding the assets or liabilities of a bankruptcy estate and orders that resolve questions concerning the distribution of assets from a bankruptcy estate. In contrast, an order is not final if it is a solitary decision that functions only as a step toward a final judgment into which it will merge.

*Id.* at 229 (citations and internal quotations omitted).

In this case, the bankruptcy court's order, by which it granted partial summary judgment on one issue as it relates to a portion of the funds sought by the Trustee,

"functions only as a step toward a final judgment" that will eventually be entered in the adversary proceeding (which is itself a "discrete dispute" within the larger bankruptcy case). Thus, even under the *Fox* "discrete dispute" standard, this order by the bankruptcy court would not be considered a final order.

In summary, the bankruptcy court order from which appellants take this appeal did not resolve the entire adversary proceeding. Accordingly, pursuant to 28 U.S.C. § 158(a) and the governing Tenth Circuit caselaw, the bankruptcy court's order is not a final order, and appellants may not take this appeal without leave of the Court. *See United States v. Krause (In re Krause)*, 2007 WL 2591201, at *5 (D. Kan. Sept. 5, 2007) (bankruptcy court ruling that pertained only to portions of the adversary complaints, with claims remaining for determination after trial, was not final under 28 U.S.C. § 158(a)).

Appellants have not sought the Court's leave, either in their notice of appeal or in their response to the motion to dismiss, to take an appeal from the bankruptcy court's interlocutory order. Therefore, the Court grants the Trustee's motion, and this appeal is hereby dismissed.[1]

---

[1]Even if the Court were to construe this appeal as an application for leave to appeal an interlocutory order, it would conclude that a permissive appeal is not warranted in this matter. *See Personette v. Kennedy (In re Midgard Corp.)*, 204 B.R. 764, 769 (B.A.P. 10th Cir. 1997) ("Leave to hear appeals from interlocutory orders should be granted with discrimination and reserved for cases of exceptional circumstances. Appealable interlocutory orders must involve a controlling question of law as to which there is substantial ground for difference of opinion, and the immediate resolution of the order may materially advance the ultimate termination of the litigation.").

IT IS THEREFORE ORDERED BY THE COURT THAT the Bankruptcy Trustee's motion to dismiss this appeal (Doc. # 3) is **granted**, and this case is hereby dismissed.

IT IS SO ORDERED.

Dated this 1st day of February, 2008, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge